Johnson,
 
 J.
 

 delivered the opinion of the Court as follows:
 

 This claim is interposed to obtain restitution of three bales and nineteen boxes of goods captured in the Frances. As early as the 23d of July, 1811, these'Claimants, anticipating a repeal of the orders in council, give an order to Alexander Thompson of Glasgow, to ship them a variety of articles. In July, 1812, upon the repeal of the .orders in council, 1'hompson ships the articles ordered; and, originally intending to ship to
 
 *188
 
 the Claimants, a consignment on his own account, intermingles, with the goods ordered, a variety of others not contained in the order of the Claimants. These goods are shipped Ity two vessels, the Fanny and the Frances ; and, by a letter dated the 11th of July, 1812, Thompson advises the Claimants ofthese shipments ; and, after descanting on the merits of the articles, and declaring Ills reason for blending other'goods with those shipped to their,order, and his subsequent determination to make them an offer of the additional goods, lie continues in these words; «1 leave it with yourselves to take the
 
 “
 
 whole of the two shipments, or none at all, just as you « please. If you do not wish them, I will thank you to « handthe'iuvoices and letters over to Messrs. Falconer, « Jackson and Co. 1 think twenty-four hours will alr « low you ample opportunity for you to make up y >ur « jnindson this point,* and if you do not hand them over « within that time, I will, of course, consider that you « take the whole.” “ You will s-e, I think the reason- « ableness of ypur taking the whole, or none, of the «shipment.” '
 

 The Fanny readied the waters of the United States in
 
 safety;
 
 and, being seized by a revenu" cutter, was-carried, into New London, where she has been finally restored. , The Frances was captured on the 28th of August, by the privateer Yankee, and carried into Rhode Island., On the 22d of August, after the arrival of the Fanny, the Claimants write to Falconer, Jackson & Co. and accept of the shipment by the Fanny,* hut with regard to that by the Frances, they -write in the following words : « His « letter also speaks of another shipment of thirty-one « packages
 
 per Frances
 
 which on arrival we' shall then « hand in our determination.” On the first of September following, they again write to Falconer, Jackson & Co. intimating their acceptance of the shipment by the
 
 Frances.
 

 ‘ On this state of facts it is contended that the Claimants are entitled to restitution — that they either had an original. interest, in the goods shipped, or had acquired one before the capture.
 

 In the ordinary course of mercantile transactions, a delivery to a ship-master is a delivery to the consignee»
 
 *189
 
 But it is evident that this delivery may be absolute or qualified, and that the effect of,it ipust Vary accordinging.y. A voluntary agent has the option either to enter upon his agency in strict conformity with the instructions of his principal, or with sue!» reservations or conditions as he may think proper to prescribe; and the only consequence is, that, in the latter case, he leaves his principal at liberty to adopt or repudiate his acts, The shipper who purchases g >ods on his own credit or with his own funds, is not acting in the ordinary capacity of a factor. If he were, the goods, even before shipment, would be the property of the individual on whose order the purchase is made. Such shipments are in the nature of a mercantile credit, and the shipper always retains the uncontroled exercise of discretion in extending it. There was, therefore, nothing inconsistent with the relative rights of the parties, in Thompson’s imposing upon the consignees the condition of taking all or none of the two shipments; and the consequénce was, that the delivery was not absolute, but qualified ; and, until the condition performed, the goods remained the property of the shipper j and had they suffered shipwreck; the loss, would have been his.
 

 But it is contended that the condition was performed, and that this case forms an exception ñ ora the rule that, as to the exercise of belligerent rights, there shall be no transfer
 
 in transitu.
 

 The acceptance, of the cargo by the Fanny was on the 22(1, the capture of the Frances on the 28th of August. It is contended that the acceptance of the Fanny’s cargo was conclusive as to both shipments; and that, although partial in terms, it must, in law, have effect as to the whole, since such was the condition imposed by the shipper; and that it was, in fact, the intention of the Claimants that such should be the effect of the acceptance; but the reservation was intehded only as a ruse.
 
 de guerre
 
 to guard against' the effects of hostile capture.
 

 There is certainly nothing illegal in resorting to devices to elude hostile capture; and where it can be clearly shewn tha property is really neutral or friendly, .its being.coVered under hostile habiliments for the pur
 
 *190
 
 pose of evasion, will not necessarily subject it to condcmnation. But the evidence, must be less equivocal than that relied on in this case.. The' property was already captured and libelled- as liable to American rapture, when the Claimants* letter of the.119th September was written. To receive such evidence, under such circumstances, to so critical a point; would be to surrender every belligerent right to fraud and'impositk>n. The lej.ter the' 22d of August must, therefore, betaken on its plain import, and such effect given to it as its words imply;
 

 This letter contains an express exclusion of the goods under consideration; out" it is contended that,, as Thompson’s letter left them no latitude, but obliged them either to ehooséor refuse the whole, their acceptance of Sari cast on them the property in the whole.
 

 But we are of opinion that such was not the effect of this aqj of the Claimants. The consequence of such a doctrine would be that where a property is to be acquired upon, a condition performed, the condition 'may . be rejected, arid yet the property acquired. It certainly put. it in the power of the shippers either to cast the whole property upon the Claimants, Or resume the property," and make the consignee accountable for that which had come to Ids hands. Falconer, Jackson & Co. upon the arrival of the Frances, had she not been captured,' would have had an undoubted right to demand t[|e shipment made by her, on the ground of the Claimants’ not having accepted.it within the time limited; apd it would have been in vain for the Claimants to have contested their right,- whilst they held the letter of the 22d of August, and Thompson’s instructions on the subject of the acceptance, If, then, it rested with Thompson or his agent to retain the property in this shipment, dr cast it upon the Claimants, the consequence is; thatr the legal interest, still remained in the shippers,
 

 .' This conclusion on the state of interest in the parties, renders it unnecessary to consider the argument urged to except this case from the rale relative to changes of property
 
 in
 
 transitu:/ and we hope it will be, at ail times, recollected that the reasoning ire this case is not fóuYided' on the implied admission of the- distinction taken by the Claimahts’ coimsipl on this subject.